IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PANTHER BUILDERS, INC., et al. | ) | CASE NO.: 1:18-CV-02042-PAG |
| | ) | |
| Plaintiffs | ) | JUDGE: PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| WINDRIDGE HOMES, LTD. | ) | |
| | ) | |
| Defendant | ) | |

**MOTION OF PLAINTIFFS PANTHER BUILDERS, INC. AND
MICHAEL PRIMOVERO FOR JUDGMENT ON THE PLEADINGS**

Now come Plaintiffs, Panther Builders, Inc. ("Panther") and Michael Primovero ("Primovero"), and move the Court for Judgment on the Pleadings as to Count II of its First Amended Complaint for declaratory judgment of non-infringement of copyright. The grounds for this motion are:

*Plaintiffs*, in support of Count II of their First Amended Complaint for declaratory judgment of non-infringement of copyright, *allege Windridge has asserted against plaintiffs* that: it is the owner of intellectual property consisting of a unique design plan for a ranch-style home titled the Sterling design plan; plaintiffs had access to the Sterling design plan; plaintiffs copied the Sterling design plan; plaintiffs made an architectural work of their own from the copied plan at 4432 Glen Meadow Court, Seville, Ohio; and plaintiffs are proposing to build a second home from the copied plan, all in violation of Windridge's intellectual property rights (Doc. 5, PageID#19, Par. 2);

*Windridge*, in its Answer, *admits it has asserted against plaintiffs* that: it is the owner of intellectual property consisting of a unique design plan for a ranch-style home titled Sterling design plan, plaintiffs acquired and copied that design plan; plaintiffs are building a home at

1

4432 Glen Meadow Court, Seville, Ohio based on the plans copied from Defendant; and plaintiffs are proposing to build a second home from the copied plans (Doc. 8, PageID ##40-41, Par. 2);

Windridge asserts violations of rights that are equivalent to exclusive rights within the general scope of copyright (i.e., reproduction, preparation of derivative works and distribution) and come within the subject matter of copyright (i.e., architectural works) (17 U.S.C. § 301(a));

Windridge's assertions are those of copyright infringement, *albeit*, deficient, over which this Court has exclusive jurisdiction (17 U.S.C. § 301 (a) and 28 U.S.C. § 1338(a));

To state a plausible claim of copyright infringement, a plaintiff must establish **ownership** of a valid **copyright**, and unauthorized copying of protectable elements of the plaintiff's copyrighted work. *Tanikumi v. Walt Disney Co.*, 616 Fed.Appx. 515, 519 (3d Cir. 2015);

To maintain a copyright infringement claim, the plaintiff must also plead possession of a certificate of registration. 17 U.S.C. § 411(a);

Windridge does not allege in its Answer and as an affirmative defense that it is the owner of the **copyright** in the Sterling design plan—it only pleads that it is the owner of "intellectual property consisting of a unique design plan…" (Doc. 8, PageID #40, Par. 2);

The Sterling design plan does not on its face accredit Windridge as the author, but rather Cross Creek Design Group (Exhibit 1);

Windridge does not plead in its Answer (Doc. 8) that it had a work for hire agreement with Cross Creek Design Group, nor attach a copy;

Windridge does not plead in its Answer (Doc. 8) that it is the recipient of an assignment of copyright and chose in action from Cross Creek Design Group, nor attach a copy;

Windridge does not plead in its Answer (Doc. 8) that it is in possession of a certificate of registration of copyright, nor attach a copy; and

Because these are material factual allegations that must be pled to state a plausible claim for copyright infringement, the Court may assume that Windridge cannot make these claims. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1968).

WHEREFORE, because Windridge fails to state a plausible claim for copyright infringement, which cannot be cured by amendment of its Answer, the Court should award Plaintiff judgment on the pleadings as to Count II of the Complaint, non-infringement of copyright.

These grounds are set forth with particularity in the Memorandum in Support filed herewith.

Respectfully submitted,

s:/Ray L. Weber
Ray L. Weber          (0006497)
Laura J. Gentilcore    (0034702)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 376-1242
Fax: (330) 376-9646
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com

*Attorneys for Plaintiffs*

3

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing **MOTION OF PLAINTIFFS PANTHER BUILDERS, INC. AND MICHAEL PRIMOVERO FOR JUDGMENT ON THE PLEADINGS** has been filed electronically on November 20, 2018, with the United States District Court for the Northern District of Ohio. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                            s:/Ray L. Weber